UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| TICKETMASTER, L.L.C., a Virginia limited liability company, | CASE NO.: |
| Plaintiff, | |
| v. | |
| JPR PRODUCTIONS, INC., a Florida corporation, and JOHN REARDON, an individual, | |
| Defendants. _____/ | |

## COMPLAINT

Plaintiff, Ticketmaster L.L.C. ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendants JPR Productions, Inc. ("JPR") and John Reardon ("Reardon") (JPR and Reardon collectively, "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is a case to collect amounts owed to Plaintiff under a contract and promissory note.

2. Plaintiff is a ticket sales and distribution company that sells tickets to the general public on behalf of its clients for various concerts, sporting events, festivals, and other events. Defendant JPR is a production company that produces music festivals. Defendant Reardon is Defendant JPR's principal and director.

3. The Parties entered into various agreements providing that, *inter alia,* Defendant JPR would promote an event known as the "LOTOS Music Festival" ("LMF"). The Parties agreed that Plaintiff would sell tickets to LMF on Defendant JPR's behalf and remit those funds to

Defendants. The agreements further provided that, prior to the event, Plaintiff would pay Defendants a portion of the revenue from the ticket sales as an advance.

4. Pursuant to the Parties' various agreements, however, in the event LMF was cancelled or tickets otherwise refunded, Defendants were required to return the advance payments to Plaintiff to fund refunds to ticket purchasers. The event was indeed cancelled, Plaintiff issued refunds to ticket buyers, and Defendants were required to return the advance payments to Plaintiff. They failed to do so.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff is a Virginia limited liability company whose sole member is Live Nation Worldwide, Inc., a Delaware corporation; thus, Plaintiff is a citizen of Virginia and Delaware.

6. Defendant JPR is a Florida corporation,[1] owned by Defendant Reardon. Thus, for purposes of diversity citizenship, Defendant JPR is deemed to be a citizen of Florida. Defendant Reardon is a resident of Boca Raton, Florida. Therefore, both Defendants are citizens of the State of Florida.

7. Thus, there is complete diversity of citizenship between the parties. As detailed below, the amount in controversy exceeds $75,000.00 and this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

8. Venue is proper in this Court pursuant to 18 U.S.C. § 2234(a) in that Defendants reside in this District.

---

[1] Although the Parties' agreement lists "JPR Productions, L.L.C., a Florida limited liability company" as the relevant party, no such entity exists in Florida. There is, however, a JPR Productions, Inc. that lists Defendant Reardon as the registered agent, president, and director. Therefore, Plaintiff believes the reference to JPR Productions, L.L.C. in the agreements was in error and brings this action against JPR Productions, Inc.

9. All conditions precedent to the filing of this action have been performed, waived, or otherwise satisfied.

## FACTS

I. **The Agreement & the Guaranty Amendment**

10. On September 13, 2018, JPR entered into a User Agreement with Ticketmaster, which was amended on August 2, 2021 ("First Amendment") (the User Agreement & First Amendment, collectively, the "Agreement"). A copy of the Agreement is attached as **Exhibit "A."**

11. On May 10, 2022, Ticketmaster, Defendant JPR, and Defendant Reardon entered into a letter agreement entitled Amendment to Licensed User Agreement; Advance Settlement of Ticket Proceeds, providing for the advance payment of certain ticket proceeds and a personal Guaranty by Defendant Reardon wherein Defendant Reardon agreed to repay those advanced amounts under certain circumstances ("Guaranty Amendment"). A copy of the Guaranty Amendment is attached as **Exhibit "B."**

12. Pursuant to Section 6(b) of the Agreement:

> [i]n the event that any Attraction for which Ticketmaster sold Tickets is cancelled, postponed, or modified (e.g., substitute acts) for any reason (each, a "Cancelled Attraction"), the Account Balance shall be held and made available for distribution by Ticketmaster to Ticket purchasers. . . [and] Principal authorizes Ticketmaster to refund the Ticket price at the original point of purchase (e.g., at Outlets or by Internet Sales or Telephone Sales) in such manner (e.g., by crediting the consumer's credit card) and at such time (e.g., before or after the scheduled date of the performance of such Attraction) as Ticketmaster, in its sole discretion, determines[.]

13. The term "Principal" in the Agreement refers to Defendant JPR.

14. Pursuant to Section 6(d) of the Agreement, "[i]f at any time the Account Balance is not sufficient to pay for anticipated refunds or Chargebacks, Principal shall deliver the amount of such deficiency (the "Deficiency Amount") to Ticketmaster no later than twenty-four (24) hours after notice by Ticketmaster to Principal."

15. Further, pursuant to the Guaranty Agreement, both Defendant JPR and Defendant Reardon:

> **unconditionally and irrevocably Guaranty[d] to Ticketmaster the full and punctual performance and observance of each and all of the terms, covenants, agreements, and conditions contained in the Agreement, including, but not limited to, the prompt and full payment of all sums due to Ticketmaster under the Agreement ... and the immediate (within 24 hours) return to Ticketmaster of any advanced funds or other monies necessary to compensate ticket purchasers in the event of a cancellation, postponement, or interruption of any Attraction, or for any other reason.**

(Emphasis added).

## II.    Defendants Received Advance Payment & Refused to Return it as Required

16. LMF was an event scheduled to take place on April 29, 2023.

17. However, due to unforeseen circumstances, LMF was cancelled, requiring Plaintiff to refund ticket purchases to all ticket buyers.

18. These refunds included $246,619.86 that had been advanced to Defendant JPR ("Advanced Payment").

19. In other words, Defendant JPR and Defendant Reardon received the benefit of $246,619.86 in ticket sales proceeds to which they were not entitled, as the event was cancelled and Plaintiff issued full refunds as required to all ticket buyers.

20. Pursuant to the Agreement and Guaranty Amendment, on June 6, 2023, Plaintiff requested return of the Advanced Payment from Defendant JPR and Defendant Reardon to

compensate Plaintiff for the refunds it issued on Defendants' behalf. Defendants, however, have refused to comply.

### III. The Promissory Note and Third Amendment to the Agreement

21. On July 1, 2023, Plaintiff and Defendant JPR executed a third addendum to the Agreement providing for certain repayment terms ("Third Amendment") (a copy of the Third Amendment is attached as **Exhibit "C"**) and, on August 14, 2023, Defendant JPR and Defendant Reardon executed a promissory note acknowledging the amount owed to Plaintiff under the Agreement and Guaranty Addendum, and agreeing to repay Plaintiff the Advance Payment over time with 5% interest per annum ("Promissory Note"). A Copy of the Promissory Note is attached as **Exhibit "D."**

22. The Promissory Note required Defendant JPR and Defendant Reardon to make a minimum payment of $100,000.00 per annum beginning on July 1, 2023 ("Minimum Payment").

23. Defendant JPR and Defendant Reardon failed or otherwise refused to make the Minimum Payment—or any payment at all—such failure constituting an Event of Default under Sections 2 and 3 of the Promissory Note.

24. Section 4 of the Promissory Note provides that "[u]pon an Event of Default, all amounts outstanding under this Note will become immediately due and payable without notice or demand."

25. To date, Defendant JPR and Defendant Reardon, jointly and severally, owe Plaintiff $246,619.86 plus interest at 5% per annum since August 14, 2023.

## COUNT I
## BREACH OF CONTRACT

Plaintiff reaffirms, realleges, and incorporates by reference the allegations in paragraphs 1–25 as if fully set forth herein.

26. Defendants executed the Promissory Note, memorializing their $246,619.86 indebtedness to Plaintiff in connection with the Agreement and Guaranty Addendum, and promising to repay that indebtedness with interest at a rate of 5% per annum.

27. Defendants defaulted under the Promissory Note by failing to make the Minimum Payment, or any payment, to Plaintiff.

28. Defendants' failure to make the Minimum Payment constituted a Default under the Promissory Note and accelerated all amounts due thereunder without notice.

29. Plaintiff demanded payment under the Promissory Note, however, Defendants have failed or otherwise refused to comply.

30. All conditions to Defendants' performance have been satisfied including any and all performance required by Plaintiff.

31. As of this date, Defendant JPR and Defendant Reardon, jointly and severally, owe Plaintiff the sum of $246,619.86 plus interest at 5% per annum since August 14, 2023.

32. Additionally, Plaintiff is entitled to an award of attorneys' fees and litigation costs pursuant to the terms of the (1) Guaranty Amendment, which states in pertinent part that "[i]n any action or proceeding brought in connection with the Agreement or this guaranty, the prevailing party shall be entitled to recover its costs and expenses, including attorneys' fees" (*see* Exhibit "B") and (2) the Promissory Note, which states that a party "shall be entitled to recover from the other party all of its or his attorneys' fees, costs and expenses, in addition to any other relief that may be granted." *See* Exhibit "D"

WHEREFORE, Plaintiff, Ticketmaster L.L.C., hereby respectfully requests that this Court enter judgment in the amount of $246,619.86 plus 5% interest per annum from August 14, 2023, through the date of the judgment, post-judgment interest following the judgment, as well as

attorneys' fees and litigation costs pursuant to the Promissory Note and the Agreement, and such other and further relief as this Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT
(in the alternative to Count I)

Plaintiff reaffirms, realleges, and incorporates by reference the allegations in paragraphs 2, 5–8, and 16–19 as if fully set forth herein.

33. Plaintiff conferred a benefit on Defendants in the amount of $246,619.86.

34. Defendants had knowledge of the benefit.

35. Defendants voluntarily accepted the benefit and knowingly retained it by failing to comply with Plaintiff's demand for repayment.

36. The circumstances are such that it would be inequitable for Defendants to retain the benefit without paying Plaintiff the value thereof.

37. Defendants have failed to pay Plaintiff the value of the benefit and, as such, Plaintiff has suffered damages.

WHEREFORE, Plaintiff, Ticketmaster L.L.C. hereby respectfully requests that this Court enter judgment in the amount of $246,619.86 plus 5% interest per annum from August 14, 2023, through the date of the judgment, post-judgment interest following the judgment, as well as litigation costs pursuant to Rule 54 of the Federal Rules of Civil Procedure, and such other and further relief as this Court deems just and proper.

Respectfully submitted this 15th day of July, 2025, by:

>**SHAW LEWENZ**
>110 SE 6th Street, Suite 2900
>Fort Lauderdale, FL 33301
>Telephone: (954) 361-3633
>Facsimile: (954) 989-7781
>Primary: jshaw@shawlewenz.com;
>zludens@shawlewenz.com; lpalen@shawlewenz.com;
>lalvarez@shawlewenz.com
>Secondary: mlomastro@shawlewenz.com;
>lgrealy@shawlewenz.com
>
>By: */s/ Jordan A. Shaw*
>    JORDAN A. SHAW, ESQ.
>    Florida Bar No.: 111771
>    ZACHARY D. LUDENS, ESQ.
>    Florida Bar No: 111620
>    LAUREN N. PALEN, ESQ.
>    Fla. Bar. No. 1038877
>    LAUREN N. ALVAREZ, ESQ.
>    Florida Bar No.: 1027723